IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 5:95-cr-5029-LC-GRJ

ELIAS RAYAS MEJIA,

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 319, Defendant's motion to vacate under 28 U.S.C. § 2255. Defendant is serving a 240-month sentence following his 1996 jury-trial convictions for conspiracy, possession of marijuana with intent to distribute, and money laundering. Defendant is presently incarcerated at Big Springs Correctional Institution, Texas. Defendant previously sought relief under § 2255; his motion was denied as time-barred and the Eleventh Circuit denied a certificate of appealability. Doc. 303. In the instant motion, Defendant asks the Court to "recorrect" his sentence. Defendant states that his current release date is January 26, 2013. Defendant's BOP Sentence Monitoring Computation Data, attached to the motion, reflects that Defendant's "Six Month/10% Date" would be July 26, 2012. Although Defendant's claims are somewhat difficult to construe, he appears to suggest that the Court should make the earlier date his release date by giving Defendant credit for good conduct. *See* Doc. 319.

To the extent that Defendant seeks relief under § 2255, he is barred from seeking such relief again in this Court absent prior certification from the Eleventh

Circuit. 28 U.S.C. §§ 2255(h), 2244(b)(3); *see Villanueva v. United States*, 346 F.3d 55 (2nd Cir. 2003) (habeas or § 2255 petition that is properly dismissed as time-barred constitutes an adjudication on the merits for successive purposes). There is nothing in the record that reflects that Defendant has been granted leave by the Eleventh Circuit to file a successive motion to vacate, and thus this Court lacks the requisite authorization to entertain a second § 2255 motion.

To the extent that Defendant challenges the BOP's computation of his release date, such claims must be raised by way of a 28 U.S.C § 2241 habeas corpus petition, after Defendant has exhausted all BOP administrative remedies concerning his sentence-calculation claim. Such a petition would be filed in the federal district where Defendant is incarcerated. Because Defendant is not incarcerated in this district, the Court does not recommend that the instant motion be re-filed as a habeas corpus petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, Doc. 319, be **DENIED**.

**IN CHAMBERS** this 24th day of May 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**